Filed 2/4/25  Taira v. Honeywell International CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| YUKIO TAIRA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>HONEYWELL INTERNATIONAL, INC.,<br><br>    Defendant and Respondent. | B328410<br><br>(Los Angeles County<br>Super. Ct. No. BC720861) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Gail Killefer, Judge.  Affirmed.

Asvar Law, Christopher A. Asvar, Jonathan Perez, and Theresia Falter for Plaintiff and Appellant.

Dykema Gossett, James S. Azadian, Jeffrey G. Huron, and Charlotte G. Carne for Defendant and Respondent.

_____

Plaintiff and appellant Yukio Taira (Taira) filed the instant lawsuit against his former employer, defendant and respondent Honeywell International, Inc. (Honeywell), alleging that Honeywell violated the Fair Employment and Housing Act (FEHA) by failing to provide him an accommodation for his disability (Gov. Code, § 12940, subd. (m))[1] and failing to engage in the interactive process (§ 12940, subd. (n)).  Because the undisputed evidence establishes that Taira never requested a reasonable accommodation, we affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Taira's employment with Honeywell*

Taira began working for Honeywell in November 2011.  He reported to Justin Ocello (Ocello).

*Taira develops high blood pressure but does not notify Honeywell*

On February 10, 2014, Taira visited an urgent care facility and "presented to a physician owing to nasal complaints." During that visit, Taira's blood pressure measured high.  But, the urgent care physician did not prescribe any medication for Taira's high blood pressure and did not recommend any work restrictions.  The doctor's only recommendation was "diet and exercise."

*Taira begins feeling overworked*

In October 2014, a product manager ended his employment with Honeywell.  Rather than Honeywell hiring a replacement manager, according to Taira, he and Ocello filled "in the gap that [that employee] left behind."

---

[1]     All further statutory references are to the Government Code unless otherwise indicated.

2

Taira felt overworked and conveyed that feeling to Honeywell "at least five times, like, in conversations with . . . Ocello," starting in November 2014.

*Taira reports high blood pressure and other symptoms from being overworked, but does not identify any work restrictions*

In the fifth conversation between Taira and Ocello in April 2015, Taira mentioned, for the first time, his elevated blood pressure, "heart attack-like symptoms," chest pain, trouble sleeping, anxiety, and night sweats.

According to Taira, Ocello arranged a meeting for Taira with Honeywell's human resources department; that meeting occurred two days later. Although he could not recall the name of the human resources manager with whom he met,[2] Taira allegedly told that manager everything he had reported to Ocello. Taira testified that he wanted Honeywell to "hire a product manager as soon as possible." The human resources manager allegedly told Taira that Honeywell was in the process of hiring someone.

Although Honeywell has a "Reasonable Accommodation Request" form, no such form was ever offered to Taira. (Bolding omitted.)

*Taira suffers a stroke*

On May 14, 2015, Taira was on a flight to a trade show in Georgia when he suffered a "catastrophic stroke." The flight was diverted and Taira was taken by ambulance to a hospital.

---

[2] On appeal, Taira identifies the person as Matt Todd, Honeywell's "top Human Resources executive." The identity of the person is irrelevant for purposes of this appeal.

Following Taira's stroke, Taira's workload was distributed to other employees.

*Other relevant undisputed facts*

Taira did not visit any healthcare provider between his February 2014 urgent care visit and his stroke on May 14, 2015 (15 months later). For over a year after his February 2014 medical visit, Taira did not report his high blood pressure to Honeywell or seek any accommodation for it. Taira never requested time off to attend to health issues or for any other purpose.

*Taira's workers' compensation claims*

On June 29, 2015, Taira filed two applications for workers' compensation benefits. One case listed a specific date of injury (May 14, 2015)—the date of his stroke. The other case listed an injury date of November 1, 2011, through May 14, 2015, the entire duration of Taira's employment with Honeywell.

On September 11, 2018, Taira entered into a partial settlement agreement of $1,125,000 regarding both workers' compensation cases. In October 2023, he settled the remaining issues in his cases for an additional $6 million, and the Workers' Compensation Appeal Board approved that settlement.

*The instant lawsuit*

On September 6, 2018, Taira filed the instant lawsuit. The third amended complaint, which is the operative pleading, alleges FEHA claims against Honeywell for failure to provide a reasonable accommodation (§ 12940, subd. (m)) and failure to engage in the interactive process (§ 12940, subd. (n)).

*Honeywell's motion for summary judgment; Taira's opposition*

On June 16, 2022, Honeywell filed its motion for summary judgment.

4

Taira opposed the motion.

*Trial court order*

On March 7, 2023, the trial court granted Honeywell's motion. Regarding Taira's cause of action for failure to provide a reasonable accommodation, the trial court found: Taira "fails to show that he informed Honeywell of specific restrictions on his work as a result of his disability, whether he made specific requests for accommodations of Honeywell given his disability, and whether the requested accommodation was reasonable as a matter of law. While [Taira] may contend it was Honeywell's duty to follow up with [him] and facilitate further medical care for [him] to determine his work restrictions, [Taira] has failed to point to any supporting authorities for such a contention. Caselaw provides this court with clear guidance regarding the interpretation of FEHA, and this court is unaware of any authority that stands for the proposition that it is incumbent upon an employer to facilitate further medical care to determine the accommodations necessary for an employee. Therefore, the court finds [that Taira] has failed to meet his burden showing triable issues of material fact" regarding the first cause of action.

Regarding Taira's cause of action for failure to engage in good faith interactive process, the trial court found Taira misstated when Honeywell's duty to engage in the interactive process began—it only began after Taira made a request for reasonable accommodations, which he never did. As such, Honeywell was entitled to adjudication of this cause of action as well.

*Judgment and appeal*

Judgment was entered, and Taira's timely appeal ensued.

**DISCUSSION**

I. *Standard of review*

We review the trial court's order granting summary judgment de novo, liberally construing the evidence in support of the party opposing summary judgment and resolving doubts concerning the evidence in that party's favor. (*Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39.)

II. *The trial court properly granted Honeywell's motion for summary judgment*

A. <u>Relevant law</u>

As set forth above, Taira alleges two claims against Honeywell: failure to accommodate and failure to engage in the interactive process. "While a claim of failure to accommodate is independent of a cause of action for failure to engage in an interactive dialogue, each necessarily implicates the other." (*Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 54 (*Gelfo*).)

It is unlawful for employers to "fail to make reasonable accommodation for the known physical or mental disability of an . . . employee." (§ 12940, subd. (m).) "The elements of a failure to accommodate claim are (1) the plaintiff has a disability under the FEHA, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate the plaintiff's disability. [Citation.]" (*Scotch v. Art Institute of California* (2009) 173 Cal.App.4th 986, 1009–1010 (*Scotch*).) At issue in this appeal is only the question of whether Honeywell failed to reasonably accommodate Taira's assumed disability.

"'[I]t is important to distinguish between an employer's knowledge of an employee's disability versus an employer's

6

knowledge of any limitations experienced by the employee as a result of the disability.'" (*Scotch*, *supra*, 173 Cal.App.4th at p. 1013.) Thus, FEHA "requires an employer to accommodate only a '*known* physical . . . disability.'" (*Avila v. Continental Airlines, Inc.* (2008) 165 Cal.App.4th 1237, 1252.) ""Vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations under the [FEHA].""" (*Featherstone v. Southern California Permanente Medical Group* (2017) 10 Cal.App.5th 1150, 1167 (*Featherstone*).)

And, "the employee must request an accommodation." (*Gelfo*, *supra*, 140 Cal.App.4th at p. 54.) ""Where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer,"" the employee bears the burden ""to *specifically* identify the *disability* and *resulting limitations*, and to suggest the reasonable accommodations.""" (*Doe v. Department of Corrections & Rehabilitation* (2019) 43 Cal.App.5th 721, 738–739; see also *Spitzer v. Good Guys, Inc.* (2000) 80 Cal.App.4th 1376, 1378; *Raine v. City of Burbank* (2006) 135 Cal.App.4th 1215, 1222 (*Raine*).)

In other words, "[a]n employee cannot demand clairvoyance of his employer. [Citation.] '"[T]he employee can't expect the employer to read his mind and know he secretly wanted a particular accommodation and sue the employer for not providing it. . . ."' 'It is an employee's responsibility to understand his or her own physical or mental condition well enough to present the employer at the earliest opportunity with a concise list of restrictions which must be met to accommodate the employee.' [Citation.]" (*King v. United Parcel Service, Inc.* (2007) 152 Cal.App.4th 426, 443 (*King*).)

7

A reasonable accommodation is a "modification or adjustment to the workplace that enables the employee to perform the essential functions of the job held or desired." (*Nadaf-Rahrov v. Neiman Marcus Group, Inc.* (2008) 166 Cal.App.4th 952, 974 (*Nadaf-Rahrov*).)  It includes modifications such as job restructuring, a modified work schedule, reassignment to a vacant position, training, and the like.  (See § 12926, subd. (p); *Scotch*, *supra*, 173 Cal.App.4th at p. 1010; Cal. Code Regs., tit. 2, § 11065, subd. (p)(2).)  But hiring additional personnel is not a "reasonable accommodation." (*Patton v. Dobson Assn.* (9th Cir. 1997) 113 F.3d 1242, reported in full at 1997 U.S.App.LEXIS 9615, at p. *3.)

Section 12940, subdivision (n), requires employers to engage in a good faith interactive process to determine effective reasonable accommodations, if any, "in response to a request for reasonable accommodation by an employee . . . with a known physical or mental disability."  (*Raine*, *supra*, 135 Cal.App.4th at p. 1219.)  To prevail on a claim under this statute, "the employee must identify a reasonable accommodation that would have been available at the time the interactive process should have occurred."  (*Scotch*, *supra*, 173 Cal.App.4th at pp. 1018–1019.)

The duty to engage in the interactive process becomes operative upon the employee's request for reasonable accommodations.  (See Cal. Code Regs., tit. 2, § 11069.)

B. <u>Analysis</u>

Applying these legal principles, we readily conclude that the trial court did not err.[3] Regardless of what Honeywell executives knew about FEHA requirements, there is no evidence that Taira informed Honeywell of specific work restrictions as a result of his disability or that he requested a reasonable accommodation. (See, e.g., *Arteaga v. Brink's, Inc.* (2008) 163 Cal.App.4th 327, 349 [affirming summary judgment to the employer because although it learned of the plaintiff's symptoms, "those symptoms did not interfere with the performance of his job"]; *King, supra,* 152 Cal.App.4th at p. 444 [given the plaintiff's apparent ability to get the job done, "it was incumbent upon him to produce clear and unambiguous doctor's orders restricting the hours he could work"].) Thus, Taira's claim under section 12940, subdivision (m), fails.

For the same reason, Taira's claim under section 12940, subdivision (n), fails. It is undisputed that Taira did not identify a specific, available reasonable accommodation while working at Honeywell. Absent this evidence, Honeywell is entitled to judgment.

The fact that Taira may have reported his medical symptoms to both Ocello and a member of the human resources team does not change our conclusion. While he may have made such reports, he did not request a reasonable accommodation for those symptoms. There was nothing "open, obvious, and apparent" to Honeywell about what limitations were required for

---

[3]    In reaching this conclusion, we reject Taira's unfounded contention that the trial court improperly weighed Taira's deposition testimony and/or engaged in credibility assessments.

9

those symptoms. (*Scotch*, *supra*, 173 Cal.App.4th at p. 1013.) And his complaint about understaffing[4] does not constitute a reasonable request to accommodate a disability. (See, e.g., *Nadaf-Rahrov*, *supra*, 166 Cal.App.4th at pp. 975–976.)

The cases cited by Taira in his appellate briefs are readily distinguishable. In *Soria v. Univision Radio Los Angeles, Inc.* (2016) 5 Cal.App.5th 570, *Faust v. California Portland Cement Co.* (2007) 150 Cal.App.4th 864, and *Bagatti v. Department of Rehabilitation* (2002) 97 Cal.App.4th 344, the employer was on notice of the claimed disability and attending limitations. (*Soria*, *supra*, at pp. 592–593, 598–599 [plaintiff notified her employer that she needed time off for surgery]; *Faust*, *supra*, at pp. 870, 877 [chiropractor notified employer that the employee-plaintiff was unable to perform regular job duties, and recommended that the plaintiff remain off work]; *Bagatti*, *supra*, at p. 356 [as a result of her polio, the plaintiff could not walk long distances and requested motorized transport as a reasonable accommodation to assist her at work].) At the risk of sounding redundant, no such notice was ever provided to Honeywell, and, unlike a hypothetical employee who suffers a broken ankle, Taira's disability and accommodations for that disability were not obvious.

The circumstances surrounding Taira's missing human resources file do not create a triable issue of material fact. *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th

---

[4] On appeal, Taira recasts his argument as a request for job restructuring, not a request that Honeywell hire a new product manager to reduce his workload. But that is not what he argued below, precluding it from being raised on appeal. (*Wisner v. Dignity Health* (2022) 85 Cal.App.5th 35, 44–45.)

1, 11 concerned a claim for intentional spoliation of evidence, not FEHA.

Finally, we reject Taira's contention that pursuant to FEHA, Honeywell (as his employer) was required to ensure that its employees receive preventative medical care. According to Taira, had Honeywell insisted he visit a physician, he could have obtained blood pressure medication that could have prevented a stroke. Aside from the speculative nature of this argument, FEHA imposes no such obligation on an employer. (See, e.g., *Featherstone*, *supra*, 10 Cal.App.5th at p. 1167.)

All remaining arguments are moot.

## DISPOSITION

The judgment is affirmed. Honeywell is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
LUI

_____, J.
RICHARDSON

11